**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROLDAN ALEJANDRO ANDARA BASTIDAS,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2006-R** |
| **CHRIS GANTT, Warden, et al.,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Roldan Alejandro Andara Bastidas, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Because Petitioner is no longer in ICE custody and this Court can grant no relief to him, the undersigned recommends the Court dismiss the Petition as moot.

## I. Background

On August 3, 2026, Petitioner filed his Petition alleging, among other things, that ICE violated federal immigration law and his rights to due process with his arrest and continued detention. Doc. 1 at 7-8. When Petitioner filed his Petition, he was detained at

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

Cimarron Correctional Facility in Cushing, Oklahoma. *Id*. at 1. The Court ordered Respondents to respond, Doc. 6, and Respondents timely filed a Response, Doc. 8.

On October 6, 2026, Respondents advised the Court that Petitioner was removed from the United States to Venezuela on September 29, 2026. Doc. 13 at 1.

## II. Standard of Review

To obtain habeas corpus relief, Petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *Id.*

## III. Analysis

Petitioner properly filed his Petition in this district because he was detained here at the time of filing. Doc. 1 at 1; *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (noting a § 2241 petition "must be filed in the district where the prisoner is confined"). Petitioner satisfied the "in custody" requirement under § 2241 "at the time the petition was filed." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (noting that petitioner met the "in custody" requirement of § 2241 because he was "in custody at the time of filing" (quoting 28 U.S.C. § 2241)).

"The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation modified). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id*. at 72 (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union*, 567 U.S. 298, 307 (2012) (citation modified).

Here, Petitioner is no longer in ICE custody and has been removed from the United States to Venezuela. Doc. 13 at 1. Though jurisdiction attached in this district when Petitioner filed his Petition, his subsequent release from ICE custody and removal from the United States may render his Petition moot. The Petition does not become moot, however, merely because Petitioner has been released from ICE custody. If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences . . . adequate to meet Article III's injury-in-fact requirement.'" *King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *2 (10th

Cir. Mar. 19, 2024) (quoting *Spencer*, 523 U.S. at 14). To overcome mootness after release from custody, a petitioner must show "some concrete and continuing injury" "if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner challenges in his Petition his continued detention in ICE custody. *See generally* Doc. 1. In similar circumstances, courts have concluded a petitioner's release from immigration custody mooted his habeas challenge to the legality of his detention, where the only possible "continuing injury" or collateral consequence "stems from his removal order, not his detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). Further, any determination now as to whether Petitioner's detention violated his due process rights would amount to an advisory opinion that this Court cannot issue. *Id.* (declining "to issue an advisory opinion regarding [petitioner's] entitlement to a bond hearing because a declaratory judgment on that question would have no meaningful effect on the [immigration officials'] future conduct" with him).

Petitioner is no longer in ICE custody, and the relief he requests is no longer available and cannot be redressed by a favorable judicial decision. The undersigned is not aware from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine. No concrete or continuing injury to Petitioner appears to remain after his removal from the United States. As such, Petitioner's habeas challenge to his detention no longer presents a case or controversy subject to this Court's jurisdiction, and the Petition should be dismissed as moot. *See, e.g.*, *Suarez-Tejeda v. United States*, 85 F. App'x 711, 716 (10th Cir. 2004) (ruling an immigration detainee's habeas challenge to detention was moot when he was released on conditions and "effectively received the relief

he has requested"); *Sule v. I.N.S.*, 189 F.3d 478, 1999 WL 668716, at *1 (10th Cir. 1999) (unpublished table decision) (concluding an immigration detainee's release from immigration custody through deportation "mooted his challenge to the legality of his detention"); *see also Mounivong v. Bondi*, No. CIV-25-1483-PRW, 2025 WL 3907008 (W.D. Okla. Dec. 22, 2025) (recommending dismissal of habeas petition as moot when petitioner was removed to home country and no longer in ICE custody) (R&R), *adopted*, 2026 WL 69364 (W.D. Okla. Jan. 8, 2026).

## IV. Recommendation and Notice of Right to Object

Petitioner's release from ICE custody and removal from the United States render his Petition moot, as there is no longer an actual case or controversy for the Court to decide. The undersigned therefore recommends that the Court **DISMISS** the Petition, Doc. 1, as moot.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 21, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **October 28, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 7th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE